THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C17-0240-JCC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN C. DURST, | |
| Defendant. | |

This matter comes before the Court on the Government's motion to issue continuing garnishee order (Dkt. No. 7). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

In January 2004, the United States District Court for the District of Minnesota entered an amended criminal judgment against Defendant/Judgment Debtor, Steven C. Durst, for mail fraud. (Dkt. No. 7 at 1.) Mr. Durst was sentenced to 34 months in prison and ordered to pay restitution in the amount of $504,333.63. (*Id.* at 1–2.) On October 24, 2016, the United States filed an application for writ of continuing garnishment against Mr. Durst. (Dkt. No. 1.) The Court issued a writ of continuing garnishment to the garnishee, CWD Group, Inc. (Dkt. No. 3.) CWD Group filed an answer, stating that it employs Mr. Durst and pays him on a bi-weekly

basis. (Dkt. No. 6.) The Government now requests that the Court enter a continuing garnishee order, directing CWD Group to immediately begin paying to the United States District Court, Western District of Washington, Mr. Durst's non-exempt wages and the entire amount of non-exempt property in CWD Group's possession. (Dkt. No. 7 at 3.) Mr. Durst currently owes $468,383.63[1] in restitution. (Dkt. No. 10 at 2.)

Mr. Durst, appearing *pro se*, argues that there is no need for garnishment because he has never missed a payment to any creditor. (Dkt. No. 9 at 2.) He also claims financial hardship because of his wife's chronic illness leading to $35,000 in medical debt and asks that if garnishment is necessary, it be capped at 10%. (*Id.* at 1–2.) Finally, Mr. Durst informs the Court that he will be moving back to Minnesota in April and suggests that the Court defer a decision until the case is transferred back to Minnesota. (*Id.* at 2.)

## II.     DISCUSSION

The only two grounds on which Mr. Durst could object to the garnishment are (1) that the property the United States is taking is exempt from the garnishment, or (2) that the United States has not complied with a statutory requirement for issuance of the garnishment. 28 U.S.C. § 3202(d)(1)-(2).[2] Financial hardship is not a valid objection. *United States v. Skeins*, 2014 WL 5324880 at *3 (W.D. Wash. Oct. 17, 2014); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008). That financial hardship is not a valid objection is further reinforced by Congress's policies favoring victims' rights to restitution over a concern for the financial difficulties of the defendant. *See* 18 U.S.C. 3664(f)(1)(A) (full restitution required "without consideration of the economic circumstances of the defendant"); 18 U.S.C. § 3771(a)(6) (victims have a right to "full and timely restitution"); 18 U.S.C. § 3572(d) (restitution shall be paid "immediately" or within the "shortest time" reasonably possible).

---

[1] The Government has now twice filed declarations which incorrectly state that Mr. Durst owes $11,555,495.32. (Dkt. Nos. 8 and 11.)

[2] Additional grounds for objection exist if arising from a default judgment, but not a criminal restitution debt. 28 U.S.C. § 3202(d)(3).

Even if this Court were to consider financial hardship, Mr. Durst's annual income is roughly $112,000. (Dkt. No. 6 at 6.)[3] Adding in his wife's social security payments, Mr. Durst's annual household income is about $120,000. (Dkt. No. 11-1 at 1.) Mr. Durst pays $1,256 a month in medical bills. (*Id.*) Taking that into account, Mr. Durst's annual income is still $105,000. While the Court is sympathetic to Mr. Durst's wife's medical condition and necessary bills, they are insufficient to warrant a reduction in the amount garnished. Accordingly, the Court GRANTS the Government's motion to issue a continuing garnishee order (Dkt. No. 7) and hereby ORDERS the following:

(1) The Garnishee, CWD Group, Inc., shall pay to the United States District Court for the Western District of Washington, the non-exempt earnings payable to Defendant/Judgment Debtor Steven C. Durst, upon each period of time when Defendant/Judgment Debtor Durst is entitled to receive such funds, and shall continue said payments, if any, until Defendant/Judgment Debtor Durst's debt is paid in full or until Defendant/Judgment Debtor is no longer an active employee of Garnishee and the Garnishee no longer has possession, custody, or control of any funds due and owing to the Defendant/Judgment Debtor or until further order of this Court. This includes all monies required to be previously withheld by the Garnishee, in accordance with the writ of continuing garnishment (Dkt. No. 3);

(2) The Garnishee, CWD Group, Inc., shall pay to the United States District Court for the Western District of Washington, the entire amount (less federal tax withholdings paid to the Internal Revenue Service) of non-exempt property from any and all accounts in the Garnishee's possession, custody, or control, in which the Defendant maintains an interest and meets the requirements to withdraw, but such amount shall not exceed the amount necessary to pay Mr. Durst's restitution balance in full;

---

[3] From January through October, Mr. Durst earned $93,529. (Dkt. No. 6 at 6.) Earning $9,350 per month equals $112,200 per year.

(3) Such payment shall be applied to Defendant/Judgment Debtor Durst's outstanding restitution obligation by the United States District Court for the Western District of Washington; and

(4) The payment shall be made out to the United States District Court, Western District of Washington, referencing Case Nos. 2:06-CR-00278-RSM-1 and 2:17-CV-00240-JCC,[4] and to deliver such payment either personally or by First Class Mail to:

United States District Court, Western District of Washington

Attn: Financial Clerk – Lobby Level

700 Stewart Street

Seattle, Washington 98101

DATED this 7th day of March, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] Formerly 2:16-MC-00167-RSL, this case was reassigned from Judge Lasnik to Judge Coughenour on February 16, 2017.

ORDER
PAGE - 4